NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007
Decided May 10, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1238

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 3:06CR30119-001 DRH |
| EDWARD SCOTT LUCKABAUGH, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

After Edward Luckabaugh pleaded guilty to one count of possessing child pornography, *see* 18 U.S.C. § 2252A(a)(5), the probation office prepared a presentence investigation report that discloses a distressing history of sexual behavior directed at very young children. For nearly 20 years the 35-year-old Luckabaugh had been sexually assaulting children; he had raped or molested no fewer than four; his victims were between the ages of five and eight; he committed the present offense while on probation from a 20-year sentence for sexually assaulting a five-year-old girl; he began viewing child pornography "due to involvement with associates attending his court-ordered sex offender classes"; and he had amassed over 3,200 pornographic photographs of children, including images of infants and bound and blindfolded toddlers. Based on his conduct and two prior

state convictions for sexual assault of a child, the probation office calculated a guidelines range of 168 to 210 months' imprisonment and advised that Luckabaugh was subject to a statutory maximum of 240 months. Luckabaugh did not object to the information contained in the presentence report but instead argued for a sentence at the low end of the guidelines range based primarily on his family history of sexual abuse. The district court rejected his argument and sentenced Luckabaugh to the statutory maximum term of imprisonment, supervised release for life, a $1,000 fine, and a $100 special assessment.

Luckabaugh's counsel filed a notice of appeal but now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Luckabaugh has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issue identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In her brief, counsel first advises that Luckabaugh does not wish to rescind his guilty plea. Thus counsel correctly avoids framing any potential issue about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel then considers whether Luckabaugh could challenge the reasonableness of his above-range prison term. We review a district court's decision to sentence a defendant above the guidelines range only for reasonableness so long as the court properly calculated the guidelines range, allowed the parties to draw the court's attention to any statutory factors that could warrant a sentence outside the guidelines range, and adequately articulated its reasons for the sentence it selected based upon the factors set forth in 18 U.S.C. § 3553(a). *United States v. Johnson*, 471 F.3d 764, 764 (7th Cir. 2006). Here, our review of the record confirms that the district court followed the proper procedure in sentencing Luckabaugh. It is undisputed that the court properly calculated the guidelines range and allowed argument by both parties concerning an appropriate sentence. The court explained, however, that it chose the maximum sentence allowed by law (30 months above the guidelines range) because, given Luckabaugh's past conduct, the court believed that he is unable to abstain from victimizing children and wished to protect potential victims from him for as long as possible. *See* 18 U.S.C. § 3553(a)(1), (2)(c). The court performed a thorough analysis of the circumstances of Luckabaugh's case in relation to the § 3553(a) factors, and it fully justified its decision to impose a longer term of imprisonment than recommended by the guidelines. *See United States v. Johnson*, 427 F.3d 423, 426-27 (7th Cir. 2005); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). We therefore agree with counsel that any challenge to the reasonableness of Luckabaugh's prison term would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.